MARY'S OPINION HEADING 








NO. 12-10-00036-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

LATOYA MAE
ZIGLER,                             §          APPEAL FROM THE 420TH

APPELLANT

 

V.                                                                    §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §          NACOGDOCHES
 COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

PER CURIAM

Latoya Mae Zigler appeals her conviction
for assault against a public servant following the revocation of her deferred
adjudication community supervision, for which she was sentenced to imprisonment
for four years.  Appellant’s counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

            Appellant
was charged by indictment with assault against a public servant and pleaded
“guilty.”  The trial court deferred adjudicating Appellant “guilty” and
sentenced her to community supervision for four years.  Subsequently, the State
filed a motion to proceed to final adjudication alleging that Appellant had
violated certain terms and conditions of her community supervision. 
Specifically, the State alleged that Appellant had, among other violations, (1)
tested positive for PCP on July 1, 2009, (2) failed to pay her fine, court
costs, and attorney’s fees, (3) failed to pay her probation fee, and (4) been convicted
for driving while intoxicated.  Thereafter, the trial court conducted a hearing
on the State’s motion.  Following the hearing, the trial court found that
Appellant had violated certain of the terms and conditions of her community
supervision as alleged in the State’s motion.  Following a trial on punishment,
the trial court revoked Appellant’s community supervision, adjudicated her
“guilty” of assault against a public servant, and sentenced her to imprisonment
for four years.  This appeal followed. 

 

Analysis Pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders v. California and
Gainous v. State. Appellant=s
counsel states that he has diligently reviewed the appellate record and is of
the opinion that the record reflects no reversible error and that there is no
error upon which an appeal can be predicated.  He further relates that he is
well acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant=s
brief presents a chronological summation of the procedural history of the case
and further states that Appellant=s
counsel is unable to raise any arguable issues for appeal.[1] 
We have likewise reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for
leave to withdraw.  See also In re Schulman, 252 S.W.3d 403, 407
(Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for
consideration with the merits.  Having done so and finding no reversible error,
Appellant=s counsel=s
motion for leave to withdraw is hereby granted and the
appeal is dismissed.

As
a result of our disposition of this case, Appellant’s counsel has a duty to,
within five days of the date of this opinion, send a copy of the opinion and
judgment to Appellant and advise him of his right to file a petition for
discretionary review.  See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review on his behalf or he must file a petition for discretionary
review pro se.  Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for
rehearing that was overruled by this court.  See Tex. R. App. P. 68.2.  Any petition for discretionary review
must be filed with this court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any
petition for discretionary review should comply with the requirements of Texas
Rule of Appellate Procedure 68.4.  See In re Schulman, 252 S.W.3d
at 408 n.22.

Opinion
delivered January 5, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] Counsel for Appellant has
certified that he provided Appellant with a copy of this brief.  Appellant was
given time to file her own brief in this cause.  The time for filing such a
brief has expired and we have received no pro se brief.